UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERONE BUTLER<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARIA LEE; SUZANNE MARIN; JESSE MARIN,<br><br>　　　　　　　　　Defendants. | Case No.: 18-cv-1109-JAH-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [Doc. No. 2];**<br><br>**(2) DISMISSING THE COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**<br><br>**AND**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AS MOOT** |

On May 29, 2018, Plaintiff Terone Butler ("Plaintiff"), a non-prisoner proceeding *pro se*, filed a claim against Maria Lee, Suzanne Marin, and Jesse Marin ("Defendants") alleging violations of Plaintiff's civil and constitutional rights. See Doc. No. 1. Additionally, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"),

1

pursuant to 28 U.S.C. § 1915(a), as well as a Motion to Appoint Counsel. See Doc. Nos. 2, 3. After a careful review of the entire record, and for the reasons set forth below, the Court (1) **GRANTS** Plaintiff's Motion for Leave to Proceed IFP; (2) **DISMISSES** Plaintiff's entire Complaint without prejudice for failure to state a cognizable claim upon which relief may be granted; and (3) **DENIES** Plaintiff's Motion to Appoint Counsel as moot.

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee. See 28 U.S.C. § 1915(a).

In support of his IFP motion, Plaintiff has submitted an application to proceed in district court without paying fees or costs. See Doc. No. 2. Plaintiff's application indicates that he has been retired since 2003, and has earned no job-related income during the past two years. Id. Plaintiff's sole source of income is from his retirement in the amount of $3300.00. Id. Plaintiff's average monthly expenses total $3390.00. Id. In addition, Plaintiff indicates that his car recently broke down, and he anticipates having to pay over $5,000.00 for the repairs. Id. Based on these representations, the Court finds Plaintiff has sufficiently shown that he is unable to pay the fees required to commence his lawsuit. Therefore, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See U.S.C. § 1914(a) (Judicial Conference of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

## II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

Because Plaintiff seeks leave to proceed IFP, his Complaint is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." See 28 U.S.C. § 1915(e)(2)(B); Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U,S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is]… a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" falls short of meeting this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F. 3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all

3

allegations of material fact and must construe those facts in light most favorable to the plaintiff."). In addition, while the court "has an obligation where the petitioner is *pro se*… to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the record reflects that Plaintiff has failed to state a claim upon which relief can be granted. See Doc. No. 1. Plaintiff's complaint suggests that Defendant Maria Lee is the owner of an apartment building located at 530 Graves Avenue in El Cajon, and Defendants Suzanne and Jesse Marin are her employees. Id. at pg. 2. Plaintiff alleges that Defendants have violated his civil and constitutional rights by discriminating against him based on his "race, age, and disability." Id. Plaintiff contends that Defendants "forc[ed] him to rent an upstairs apartment . . . [and] fail[ed] to provide disabled or handicapped access to his apartment or at any entrances or exits" in violation of the American with Disabilities Act ("ADA").[2] Id. Additionally, Plaintiff alleges that between November 2017 and June 2018, Defendants discriminated against Plaintiff by failing to correct damages or to maintain his apartment despite knowing about Plaintiff's disabilities. Id. at pg. 3.

As for Plaintiff's ADA claim, in order to state a claim under the ADA, a plaintiff must allege that: (1) he is an individual with a disability, (2) he is otherwise qualified to participate in or receive the benefit of the entity's services, (3) he was discriminated against solely by reason of his disability, and (4) the defendant is a public entity. Zukle v. Regents of Univ. of Calif., 166 F.3d 1041, 1045 (9th Cir. 1999). Here, Plaintiff's complaint fails to state a valid ADA claim because his residential apartment building is not a place of public

---

[2] Plaintiff alleges that he paid Defendants $800 to rent a downstairs apartment but instead Defendants kept the payment and "forced" him into renting an upstairs apartment despite knowing about his disabilities. Id.

4

accommodation covered by the ADA's disability discrimination laws. "The ADA only applies to public accommodations, which include hotels and motels, but not residential apartment complexes." Glasby v. Mercy Hous., Inc., No. 17-CV-02153-DMR, 2017 WL 4808634, at *5 (N.D. Cal. Oct. 25, 2017) (citing 42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."); 42 U.S.C. § 12181(7)(A) (definition of "public accommodation" includes "an inn, hotel, motel, or other place of lodging") ). "Public accommodation" does not include residential apartment complexes. Id. (citing Indep. Hous. Servs. of San Francisco v. Fillmore Ctr. Assocs., 840 F. Supp. 1328, 1344 (N.D. Cal. 1993) ("[T]he legislative history of the ADA clarifies that "other place of lodging" does not include residential facilities."); Arceneaux v. Marin Hous. Auth., No. 15-CV-00088-MEJ, 2015 WL 3396673, at *7 (N.D. Cal. May 26, 2015) (concluding that public housing apartment complex did not fall within the bounds of the ADA)). Because Plaintiff's apartment complex is not subject to ADA compliance, he may not bring a suit against the Defendants for alleged ADA violations related to his housing.

As for any additional claims, including racial and age discrimination, Plaintiff sets out a very brief factual basis in his Complaint, but fails to identify the legal bases for such claims. Without such information, the Court is unable to determine whether Plaintiff has alleged a viable legal claim. Accordingly, Plaintiffs Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Conclusion and Order

Based on the foregoing, the Court hereby:

1. **GRANTS** Plaintiff's Motion to Proceed IFP, pursuant to 28 U.S.C. § 1915(a), [Doc No. 2];
2. **DISMISSES** Plaintiff's Complaint, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failing to state a claim [Doc. No. 1].

5

Plaintiff may file an amended complaint **no later than forty-five (45) days** from the date of this Order;

    3. **DENIES** Plaintiff's Motion to Appoint Counsel [Doc. No. 3] as moot.

**IT IS SO ORDERED.**

DATED: August 15, 2018

                                                _____
                                                JOHN A. HOUSTON
                                                United States District Judge